FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAN KOVANEN AND MEGAN KOVANEN, a marital community,<br><br>                    Plaintiffs,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>                    Defendants. | No.   2:17-CV-00360-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I.    INTRODUCTION

Plaintiffs Dan and Megan Kovanen (together Kovanen)[1] filed this complaint in Chelan County Superior Court against Dan Kovanen's former employer Ground Package System, Inc. (FedEx). Kovanen alleges he was terminated by FedEx in violation of certain FedEx policies and promises and he asserts claims of breach of contract, specific performance, and promissory estoppel. FedEx removed the case to this Court, ECF No. 1, and now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, ECF No. 4. Because Kovanen

---

[1] Since all claims in this case involve only Dan Kovanen's employment relationship with FedEx, the Court will refer to the plaintiffs in the singular form and using the male pronoun.

ORDER GRANTING
MOTION TO DISMISS **-** 1

fails to allege facts plausibly establishing breach of contract or promissory estoppel, and because specific performance is not an independent legal basis for a cause of action, Kovanen fails to state any claim upon which relief may be granted. Accordingly, the Court grants FedEx's motion and dismisses Kovanen's complaint. However, because it is not clear amendment would be futile, the Court grants Kovanen leave to amend his complaint.

## II. FACTS ALLEGED

Plaintiff Dan Kovanen began working for FedEx on May 30, 1991. ECF No. 1-2 at 5. He was promoted to a Senior Manager position in 2011. ECF No. 1-2 at 5. He was never subject to any corrective action, counseling, or progressive discipline during his career with FedEx. ECF No. 1-2 at 5. At some point in his career, his position at FedEx required him to move to Wenatchee. ECF no. 1-2 at 5. On January 10, 2017, FedEx terminated Kovanen's employment.

Kovanen filed this complaint in Chelan County Superior Court in September 2017. ECF No. 1-2 at 4. He alleges that FedEx terminated his employment without complying with policies Kovanen relied on to remain employed with FedEx. ECF No. 1-2 at 5. Specifically, he argues that FedEx failed to comply with its "personal Improvement Policy-031, which provides that the employees "[w]ill be informed by management that their performance is below expectations and that improvement is required[,]" and "will be provided a reasonable opportunity to correct

performance problems." ECF No. 1-2 at 5. Kovanen cites several examples of policies that require warnings or suspensions for unsafe driving, although he asserts that his "basis for termination did not include any claims of unsafe driving." ECF No. 1-2 at 5–6.

Kovanen alleges one cause of action for "BREACH OF CONTRACT/SPECIFIC PERFORMANCE/PROMISSORY ESTOPPEL." ECF No. 4 at 6. Kovanen alleges that (1) FedEx breached its promises stated in its policies; (2) he reasonably believed FedEx would treat him in accordance with those policies; (3) the promise induced him to take action to his detriment and injustices can be avoided only by enforcement of those promises; and (4) he has suffered damages. ECF No. 4 at 6–7.

### III. LEGAL STANDARD

Kovanen cites primarily Washington cases interpreting Washington's pleading standards as establishing the standard for review of a motion to dismiss. ECF No. 5 at 2–4. These cases are inapposite. District courts sitting in diversity apply the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1; *Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.  DISCUSSION

Kovanen alleges a single cause of action for breach of contract/specific performance/promissory estoppel. In the Court's view, and consistent with the parties' analysis, these should be treated as three separate causes of action. Because Kovanen fails to allege facts plausibly establishing breach of contract or promissory estoppel, and because specific performance is not an independent legal basis for a cause of action, Kovanen fails to state any claim upon which relief may be granted, and his complaint must be dismissed.

**A. Kovanen fails to state a breach of contract claim.**

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor and Indus.*, 899 P.2d 6, 9 (Wash. App. 1995). FedEx argues that Kovanen's claim fails because he did not allege that he and FedEx were parties to a valid employment contract. ECF No. 4 at 4–5. Kovanen argues that FedEx's employment policies altered the at-will nature of his employment and created an enforceable contract or promise of specific treatment. ECF No. 5 at 5–7.

In Washington, an employment contract is generally "terminable at will by either the employee or employer." *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1084 (Wash. 1984). As the Washington Supreme Court has explained, however, at-will employment may be altered employer policies or handbooks or other promises of specific treatment: "if an employer, for whatever reason, creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and an employee is induced thereby to remain on the job and not actively seek other employment." *Id.* at 1088. To demonstrate a breach of a promise of specific treatment, a plaintiff must prove "(1) that a statement (or statements) in an employee manual or handbook or similar document amounts to a promise of specific treatment in specific situations, (2) that the employee justifiably relied on

ORDER GRANTING
MOTION TO DISMISS - 5

the promise, and (3) that the promise was breached." *Bulman v. Safeway, Inc.*, 27 P.3d 1172, 1175 (Wash. 2001).

Kovanen has not alleged facts plausibly demonstrating that any FedEx policy amounted to an enforceable promise, that Kovanen justifiably relied on any promise, or that any such promise was breached. Kovanen merely alleges FedEx had a policy requiring that management inform employees "that their performance is below expectations and that improvement is required" and that employees be given an opportunity to correct performance deficiencies. The existence of such a policy does not by itself demonstrate that the policy created an enforceable promise not to terminate an employee without such warning. And Kovanen makes only conclusory allegations that he relied on this policy to remain employed with FedEx. Moreover Kovanen fails even to allege that he was terminated for performance-related reasons or that, if he was, he was not given any warning about his performance by management.

Kovanen's breach of contract claim is dismissed.

**B. Specific performance is not the basis for an independent cause of action.**

FedEx argues that specific performance is an equitable remedy, not the basis for a cause of action. ECF No. 4 at 8–9. Kovanen does not respond to this argument. FedEx is correct. "Specific performance is an equitable remedy available to an aggrieved party for breach of contract where there is no adequate remedy at law."

ORDER GRANTING
MOTION TO DISMISS **-** 6

*Egbert v. Way*, 546 P.2d 1246, 1248 (Wash. App. 1976). Kovanen's cause of action for specific performance is dismissed.

**C.     Kovanen fails to state a promissory estoppel claim.**

FedEx argues that Kovanen's complaint fails to allege sufficient facts to state a claim for promissory estoppel. ECF No. 4 at 9–11. A promissory estoppel claim requires the plaintiff to establish:

> (1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise.

*Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 442 (Wash. 1994). A promise requires "manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promise in understanding that a commitment has been made." *McCormick v. Lake Wash. Sch. Dist.*, 992 P.2d 511, 516–17 (Wash. App. 1999).

For the same reasons that Kovanen failed to allege a breach of contract claim, he has failed to allege the elements of promissory estoppel. In particular, he does not plead facts plausibly demonstrating the existence of an enforceable promise or that he changed his position or relied on the promise.

Kovanen's promissory estoppel claim is dismissed.

**D.     Leave to amend**

Kovanen appears to argue that if that if his complaint is dismissed he should be granted leave to amend. ECF No. 5 at 4. Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 712 (9th Cir. 2001). In determining whether to grant leave to amend, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens*, 244 F.3d at 712. There is a presumption that leave to amend should be given in the absence of prejudice or a strong showing of one of the other factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Because there is no indication of bad faith, undue delay, or prejudice to FedEx, and it is not clear that amendment would be futile, the Court grants Kovanen leave to amend.

## V.     CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.**     Defendant's Motion to Dismiss Complaint, **ECF No. 4**, is **GRANTED**.

**2.**     Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is granted leave to amend his complaint on or before **February 16, 2018**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of January 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 9