FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2018

SEAN F. MCAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

DAN KOVANEN AND MEGAN
KOVANEN, a marital community,

                        Plaintiffs,

        v.

FEDEX GROUND PACKAGE
SYSTEMS, INC.,

                        Defendants.

No.  2:17-CV-00360-SMJ

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

## I.    INTRODUCTION

Plaintiff Dan Kovanen[1] was fired by his employer, FedEx Ground Package

System, Inc. (FedEx), for operating equipment without proper certification. In his

amended complaint, Kovanen alleges his termination violated FedEx's

Performance Improvement Policy, and he asserts claims of breach of contract, and

promissory estoppel. FedEx moves to dismiss, arguing that Kovanen fails to plead

facts showing that FedEx was contractually obligated or otherwise made an

enforceable promise to follow any specific process before terminating Kovanen for

---

[1] Since all claims in this case involve only Dan Kovanen's employment relationship
with FedEx, I refer to Plaintiffs Dan and Megan Kovanen together in the singular
form and using the male pronoun.

ORDER GRANTING
MOTION TO DISMISS - 1

a safety violation. Because the Performance Improvement Policy does not set any process for terminating or disciplining an employee who violates FedEx safety or equipment certification policy, it cannot be the basis of an enforceable promise not to immediately terminate an employee who violates such a policy. Accordingly, FedEx's motion to dismiss is granted.

## BACKGROUND

**A.    Factual Background**

FedEx hired Kovanen as a package handler in Kent, Washington in 1991. While working at the Kent facility, Kovanen, came in to work early to learn from other FedEx employees how to perform "switcher" duties. A switcher is an employee who moves trailers on FedEx property.  Kovanen estimates he spent approximately 50 hours of unpaid time receiving switcher training in 1991. In fall 1991, Kovanen obtained an internal certification to serve as a switcher, and started performing duties as a switcher on a stand-in or as-needed basis.

In early 1992, FedEx promoted Kovanen to a part-time manager position. In August 1992, FedEx transferred him to a Spokane, Washington facility so that he could attend Eastern Washington University. He continued to work as a switcher as needed during his time at the Spokane facility.

After graduating from Eastern Washington University in June 1994, Kovanen accepted a full-time position with FedEx as an Operations Coordinator in

Eugene, Oregon. In early 1996, Kovanen transferred to a facility in Kent, Washington, where he worked as a Pick Up and Delivery Coordinator. In November 2006, Kovanen was promoted to a position as Pick Up and Delivery Manager at FedEx's Burlington, Washington facility. In each of these positions, Kovanen filled in as needed as a switcher and trained other employees how to perform switcher duties.

In October 2011, Kovanen was promoted to a position as Senior Manager of a FedEx facility in East Wenatchee. Around this time, his switcher certification lapsed. As a senior manager, Kovanen ran the Wenatchee facility and a sub-station located in Omak, Washington. When Kovanen started in Wenatchee, there was no dedicated "switch" tractor or employee dedicated to performing switcher duties. In 2015, after a larger facility was constructed in Wenatchee, FedEx provided a switch tractor for the facility. There was initially no need to use the switch tractor at the facility.

Before the holiday season in 2016, Kovanen spoke with FedEx's District Safety Manager, Ken Derrick, about the need to begin using the switch tractor and the fact that none of the employees in Wenatchee had current certifications to operate the switch tractor. Based on this conversation, Kovanen understood that he and one other employee were authorized to operate the switch tractor and perform the observation portion of the switcher certification process for each other because

Derrick would not be able to come to Wenatchee to complete the certification process until after the holiday season. Consistent with this understanding, Kovanen operated the switch tractor in Wenatchee in late 2006.

On January 10, 2017, Kovanen was informed that his employment was terminated for the sole reason that he operated the switch tractor at the Wenatchee facility without a current certification. Kovanen was never the subject of any discipline or corrective action prior to his termination.

**B.    Procedural Background**

Kovanen first filed this case in Chelan County Superior Court. In the initial complaint, Kovanen alleged he was terminated by FedEx in violation of certain FedEx policies and promises, and he asserted claims of breach of contract, specific performance, and promissory estoppel. ECF No. 1-2. FedEx removed the case to this Court, ECF No. 1, and moved to dismiss pursuant to Rule 12(b)(6), ECF No. 4. The Court concluded that Kovanen failed to allege facts plausibly establishing breach of contract or promissory estoppel and that specific performance is not an independent legal basis for a cause of action. ECF No. 8. The Court granted FedEx's motion to dismiss but also granted Kovanen leave to amend his complaint. ECF No. 8.

Kovanen filed an amended complaint on February 14, 2018, adding considerable detail to his allegations. He alleges that his at-will employment status

was altered by statements made in a FedEx employee manual, on which he justifiably relied. Specifically, Kovanen cites FedEx's Performance Improvement Policy, which was issued in March 2014. As relevant here, the policy provides:

**Policy**

FedEx Ground establishes performance objectives and competency expectations for each salaried position, and expects all employees to attain the highest possible level of performance by meeting or exceeding their performance expectations. If an employee fails to meet the established performance and/or competency expectations, management will re-communicate performance and/or competency expectations, identify performance failures, and develop a plan (i.e., Performance Improvement Policy) to resolve the performance problems.

**Rationale**

This policy is to ensure that actions taken to correct performance deficiencies, resulting from the failure to meet performance expectations, are prompt, consistent, and equitable.

.      .      .

**Audience**

All FedEx Ground managers and employees must adhere to the content described in this document.

**Improvement of Performance**

If improvement is required in an employee's performance, the employee:

- Will be informed by management that their performance is below expectation and that improvement is required.

- Will be provided a reasonable opportunity to correct performance problems.

- Is expected to correct performance problems to ensure that performance expectations are maintained and fully met, not just for a limited time as outlined in a documented discussion or a Performance Improvement Policy (PIP)

- Must understand that continued or recurrent patters of performance problems will be documented and could lead to discipline up to and including termination

  An employee's entire performance history will be reviewed and taken into consideration when evaluating continued or recurring patterns of performance problems. Management should consider the relative nature of all infractions or deficiencies before determining the appropriate corrective action.

Kovanen alleges that FedEx did not follow this policy because no representative from FedEx informed Kovanen that his performance was below expectations or that improvement was required, and by not providing him any opportunity to correct the deficiency. Kovanen also asserts that his termination was inequitable and inconsistent because other FedEx employees who performed switcher duties without certification were not terminated.

Kovanen further alleges that he justifiably relied on FedEx's employment policies by remaining employed with FedEx for 26 years, moving his family multiple times for promotions and transfers, and never seeking employment with any other employer during that time.

FedEx again moves to dismiss. ECF No. 19.

ORDER GRANTING
MOTION TO DISMISS - 6

## LEGAL STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

FedEx argues that Kovanen's claims fail because Kovanen cannot show that an enforceable employment contract existed or that FedEx made an enforceable promise not to fire Kovanen for violating safety policy by operating equipment without proper certification. Kovanen's breach of contract and promissory estoppel claims both fail for the same reason: the policy Kovanen attempts to rely

on—the Performance Improvement Policy—cannot be construed as a promise not to terminate, or to follow specific discipline procedures, where an employee violates FedEx policy by operating a switch tractor without proper certification.

**A.    Kovanen fails to state a breach of contract claim.**

In Washington, an employment contract is generally "terminable at will by either the employee or employer." *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1084 (Wash. 1984). FedEx argues that Kovanen's claim fails because he did not allege that he and FedEx were parties to a valid employment contract that altered Kovanen's at-will status. ECF No. 10 at 5. Kovanen does not argue that his at-will status was modified by an employment contract that expressly obligated FedEx to follow specific procedures prior to terminating Kovanen. Instead, Kovanen argues that FedEx's Performance Improvement Policy amounted to an enforceable promise of specific treatment in specific situations. ECF No 11 at 2.

In Washington, at-will employment may be altered by employer policies or handbooks or other promises of specific treatment: "if an employer, for whatever reason, creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and an employee is induced thereby to remain on the job and not actively seek other employment." *Id.* at 1088. To demonstrate a breach of a promise of specific treatment, a plaintiff must prove "(1) that a statement (or statements) in an employee manual or handbook or

similar document amounts to a promise of specific treatment in specific situations, (2) that the employee justifiably relied on the promise, and (3) that the promise was breached." *Bulman v. Safeway, Inc.*, 27 P.3d 1172, 1175 (Wash. 2001). An employee justifiably relies on a promise if he "is induced to remain on the job and not actively seek other employment." *Thompson*, 685 P.2d at 1087.

FedEx argues that Kovanen has not alleged any facts showing how FedEx's Personal Improvement Policy created an enforceable promise not to terminate an employee without following certain procedures. ECF No. 10 at 11. FedEx further argues that even if the Performance Improvement Policy constituted a binding promise regarding actions the company would take to address performance problems, Kovanen does not allege he was terminated for performance problems, he alleges he was terminated for a safety violation. ECF No. 10 at 11. Kovanen argues that the Performance Improvement Policy was a promise of specific performance in specific circumstances that required specific actions, including notice, and a reasonable opportunity to correct performance problems. ECF No. 11 at 3–4.

FedEx's Performance Improvement Policy could plausibly be a promise of specific treatment in specific situations. However, the policy is directed at unspecified "performance" issues, and nothing in the policy indicates that FedEx cannot terminate an employee for a specific safety or equipment certification

violation. The complaint clearly alleges that Kovanen was fired solely for driving a switch tractor without proper certification. Nothing in the Performance Improvement Policy can be construed as a promise not to terminate, or to follow certain discipline procedures, when an employee commits a safety violation of that nature.

**B.     Kovanen fails to state a promissory estoppel claim.**

A promissory estoppel claim requires the plaintiff to establish:

> (1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3)  which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise.

*Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 442 (Wash. 1994). A promise requires "manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promise in understanding that a commitment has been made." *McCormick v. Lake Wash. Sch. Dist.*, 992 P.2d 511, 516–17 (Wash. App. 1999).

As with his breach of contract claim, Kovanen fails to allege sufficient facts to plausibly show that FedEx's Performance Improvement Policy created an enforceable promise not to terminate him for violating safety policy without following certain procedures.

## V.     CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

1.   Defendant's Motion to Dismiss Complaint, **ECF No. 19**, is **GRANTED**.

2.   Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

3.   All hearings and other deadlines are **STRICKEN.**

4.   The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of June 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge